UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 21 CR 13 |
| v. | ) | |
| | ) | |
| RONARD PARKER | ) | Judge Mary M. Rowland |

**Government's Sentencing Memorandum**

As more fully set forth below, the government respectfully requests that the Court sentence the defendant to a term of imprisonment at the low end of the advisory guidelines' range of 30 to 37 months' imprisonment.

At the time of his arrest, defendant was wearing a concealed, loaded firearm, secured to his chest, while riding a motorcycle in Chicago. The gun was recovered from him after a traffic accident. The Court is well aware of the seriousness of gun crimes in the Chicago area. While there is no indication that defendant intended to use the firearm, the possession of a loaded firearm by a defendant with a conviction for violent felonies presents a public danger.

Defendant has only one prior conviction, but it was extremely serious. Defendant and several other men kidnapped a man, beat him, threw him into a trunk, beat him with a bat, and then set off a firework, severing three fingers of the victim's hand. Defendant was convicted of several offenses as a result of his actions, including attempted murder, heinous battery, and

fourteen counts of aggravated kidnapping. Report ¶ 31. He was sentenced to a 35-year term of imprisonment and was incarcerated for almost 20 years, until his release in 2015. *Id.* That significant prior sentence did not adequately deter the defendant from possessing a firearm in the present case.

The need to protect the public from further crimes also counsels in favor of a guidelines sentence. The U.S. Sentencing Commission recently published a study which noted that those convicted of federal gun crimes reoffend at a significantly higher rate than other offenders. "Recidivism of Federal Firearms Offenders Released in 2010," available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20220209_Recidivism-Firearms.pdf (last visited March 23, 2022). During the study period, 69% of released firearms offenses committed a new crime, with a median time to rearrest of 16 months. *Id.* at 23.

Defendant also has been impacted by gun violence. Two of his seven siblings have been shot and killed, and another is awaiting trial for murder. Report ¶ 68. Those crimes undoubtedly had a significant impact on the defendant. But his family ties to a perpetrator and victims of gun violence, as well as his prior ties to a street gang, suggest that defendant is part of a social network that is far more likely to inflict gun violence than other gun possessors. *See* Green, Horel, and Papachristos, "Modeling Contagion

Through Social Networks to Explain and Predict Gunshot Violence in Chicago, 2006 to 2014." JAMA Internal Medicine, available at https://scholar.harvard.edu/files/bgreen/files/jama-iternmed-17.pdf (last visited March 23, 2022).

Defendant's crime was serious, and his history and characteristics counsel in favor of a significant sentence. The government accordingly requests a sentence at the low end of the advisory guidelines.

The government requests that the Court impose those supervised conditions specified in the Report. Those conditions will deter further criminal conduct, protect the public from further crimes, provided the defendant with necessary social, medical, and vocational assistance, and assist the assigned Probation Officer in supervising the defendant.

          Respectfully submitted,

          JOHN R. LAUSCH, JR.
          United States Attorney

By:  s/ *Scott M. Edenfield*
      Scott M. Edenfield
      Assistant United States Attorney
      219 South Dearborn Street
      Chicago, Illinois 60604

3